HARVEY THUNE v. LAND O'LAKES CREAMERIES
AND ANOTHER.
STATE TREASURER, CUSTODIAN OF THE
SPECIAL COMPENSATION FUND.

224 N. W. 2d 155.

November 29, 1974—No. 44504.

*Alex Leibel* and *R. V. Illgen,* for relators.

*Warren Spannaus,* Attorney General, and *Kenneth McCoy* and

*Winston Ehlmann,* Special Assistant Attorneys General, for respondent state treasurer.

*Hansen, Dordell, Bradt & Kroll, Wayne P. Dordell,* and *Gene P. Bradt,* amicus curiae.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan* and *Carl D. Knudson,* amicus curiae.

Heard before Sheran, C. J., and Rogosheske, Peterson, MacLaughlin, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission which limited the reimbursement to the employer-relator, Land O'Lakes Creameries, from the special compensation fund to 50 percent of the compensation benefits to be paid to Harvey Thune, employee.

Thune sustained a personal injury to his lower back in April 1964 arising out of and in the course and scope of his employment with Land O'Lakes Creameries. Workmen's compensation benefits were paid thereon by employer's insurer. Thune returned to work in January 1965 and continued employment with the same employer until he sustained a second injury to his lower back in June 1966.

The Workmen's Compensation Commission found that Thune was permanently and totally disabled from the date of his second injury, that the 1966 injury would not have occurred except for the prior injury of 1964, and that Thune's disability was caused equally by the two injuries in question. The commission apportioned liability for the last injury between the employer and the special compensation fund pursuant to Minn. St. 1969, § 176.131. Reimbursement was ordered for the employer and its insurer from the special fund, but such reimbursement was limited to 50 percent of the compensation paid and payable. The employer seeks review of this order of apportionment, and contends that it is entitled to total reimbursement from the special fund.

The parties concede that the question of law presented by this appeal is identical to, and controlled by, our decision in Koski v. Erie Min. Co. 300 Minn. 1, 223 N. W. 2d 470 (1973). We accordingly reverse and remand to the Workmen's Compensation Commission for redetermination consistent with our holding in Koski.

Reversed and remanded.